### HELM v. WILSON.

The omission by pltf. in assumpsit, to state in the declaration his excuse for not performing part of the agreement, is cured by verdict.

*J. Wilson* for appellant.

1st. Doct. Jennings, the man who alone heard the contract, stated the contract as it was, and consequently the jury found the verdict contrary to evidence. Therefore, we insist the court erred in refusing a new trial.— See Clemens v. Laveille and Morton, 1st sem. anl. part Mo. Repts. 80 and a case decided at last term of this court from Callaway, King v. ———, (not published.)

2d. The second point we insist upon is, that the

court erred in refusing to give the 8th and 9th instruction asked by the deft. (see page of the record 20,)—See 1 vol. Chitty's Pleading 309;—see 1 303, Let.dig. 211.; see 58, Harrison v. Taylor, 4 Bibb, 1, Handly v. Moorman.

The reasoning on which they were asked is this: The proof shows clearly and without dispute that there were two places of some width in the head race not dug at all, and this the witness says was left undone by an after request of the defendant. Now we say if that be the fact, it ought to have been stated in the declaration, and then we would have come prepared to dispute this, and would not, as now, be taken by surprise: but now the issue is, did he dig a ditch of sufficient width and depth to carry the water to the still house, as the plaintiff has alleged in his declaration, and which he said he had fully done and completed on his part, but when his proof comes there are two places in the ditch not touched; and now he says we agreed to dig them ourselves. There is no rule of law more plain or better settled, than that the allegation and proof must agree; here they do not —there is one contract charged and another proved.

*Leonard,* for appellee, relied upon the following points, in support of the judgment:

First point.—There was a substantial performance of the contract on the part of the appellee.

Second point.—The contract was not complied with on the part of the appellee; yet as the appellant dispensed with a strict performance, the appellee was entitled to recover, upon the general contract, and if he were so entitled, the court will not now reverse the judgment, because the appellant declared, after all the evidence was given, that he abandoned all the counts except the special counts.

Third point.—The verdict was warranted by the evidence.

Statement of the case made, and opinion delivered by McGirk Judge.

Wilson brought an action of assumpsit against Helm in the circuit court of Lafayette county. The declaration contains two counts, and special agreement to dig certain ditches for a mill race. There was also another count in the declaration in indebitatus assumpsit. On the trial the plaintiff declared in open court that he abandoned the count. It appears by proof that the work had all been performed except two places, each large enough

MAY TERM
1837.

Helm
v.
Wilson.

for a wagon to pass over the ditch, which places were proved to have been left at the request of the defendant, he promising to dig out both places himself. The defendant asked the court among other things, to instruct the jury, that if they believed that after the original contract was made, the parties altered that original contract so as to leave a part of the head race to be dug by the defendant, and that the plaintiff did not dig out the same, then they must find for the defendant. The court refused to give this instruction. The plaintiff had a verdict. The refusing to give this instruction is the only error complained of.

The case as it stands, does not come within the principles of this case as decided May term of the court last year. In that case it was laid down, that where the parties altered an agreement, then the part unaltered and the new matter substituted would form the agreement which should be declared on as such. As the case now stands, it appears to us that the agreement was not altered, but that the defendant dispensed with part of the performance, and furnished the plaintiff with a good excuse for not performing the whole of the agreement. Now where the plaintiff has a good excuse for not performing all or any part of the agreement, it is his duty to show that excuse in pleading, but if he will neglect to do so and yet will prove it on the trial he may recover. In this case the plaintiff did prove his excuse for not digging all the ditch according to the special contract.

The omission by plaintiff in assumpsit, to state in the declaration his excuse for not performing part of the engagement, is cured by verdict.

By the 7th sec. of the 6th art. of the act to regulate practice at law, it is declared in No. 9 of the section—(R. C. 468) that where a verdict shall have been rendered in any case, the judgment thereon shall not be reversed for any of the following defects: "Ninth; for omitting any allegation or averment without proving which, the triers of the issue ought not to have given such a verdict." The omission in this case was the failure to allege the excuse for non performance, and not a failure to state the contract truly. The statute covers the case; as to the new trial, it was rightly refused. Judgment affirmed with costs.